IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE ALVIN JONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0246 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS
### PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Jordan Unit in Gray County, Texas. Petitioner is no longer confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) and has failed to provide the Court with his present mailing address.[1] The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED.

I.
BACKGROUND

On August 19, 2014, in Case No. 20140366123, petitioner was notified he was being

---

[1] Upon inquiry, TDCJ-CID advised the Court that petitioner discharged his 10-year holding sentence on January 22, 2016.

charged with the prison disciplinary offense of failing to obey an order. On August 25, 2014, petitioner was found guilty of the charged offense. Punishment assessed included the forfeiture of fifteen (15) days previously accrued good time.

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. On September 4, 2014, relief was denied at Step 1 with the following response:

> Marjo disciplinary case number 20140366123 has been reviewed. During the hearing the disciplinary charge was changed from a Code 24.0 to a Code 45.0 which was the more appropriate charge for the offense. The guilty verdict was supported by a preponderance of the evidence. No notice or service deficiency was noted. Sgt. Gou?? States that the preliminary investigation was conducted in compliance with agency policy and procedures. Informal resolution is not mandatory. All due process requirements were satisfied and the punishment assessed by the disciplinary hearing officer was within agency guidelines. No further action is warranted in this matter.

On September 11, 2014, relief was denied at Step 2 with findings that petitioner's points of appeal were without merit, there was sufficient evidence presented for the charge and the finding of guilt, there were no due process errors, and the punishment assessed was within agency guidelines. On December 4, 2014, petitioner filed the instant habeas petition challenging the disciplinary proceeding decision.[2]

II.
PETITIONER'S ALLEGATIONS

Petitioner seeks to have the disciplinary proceeding decision overturned. Because petitioner has failed to provide the Court with his current address, an analysis of his claims is unnecessary.

---

[2] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed when the petitioner delivers it to prison officials for mailing).

III.
CLAIMS ARE MOOT

Recent inquiry to the Records Division of the Texas Department of Criminal Justice, Correctional Institutions Division, revealed petitioner discharged his 10-year holding sentence on January 22, 2016 and was released from state prison. Petitioner has fully served and discharged his sentence and is no longer in respondent's custody. The relief sought in petitioner's habeas application, *i.e.,* the reinstatement of the 15 days lost good time, cannot be granted. Since this Court cannot grant petitioner the relief he seeks in his habeas application, the petition is moot under the continuing case and controversy requirement and subject to immediate dismissal.

IV.
WANT OF PROSECUTION

Petitioner's last pleading in this case was filed March 4, 2015. Petitioner has not communicated with the Court in any manner with regard to this case since that date. Petitioner failed to advise the Court of his projected release, his actual release, or the discharge of his sentence, and has not provided the Court with a change of address. Three (3) separate mailings of court documents forwarded to petitioner at his last known address have been returned with the notation, "RTS [Return to Sender] Discharged." Petitioner has abandoned this case or has neglected his case to such an extent that it warrants immediate dismissal for want of prosecution.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner GEORGE ALVIN JONES be DISMISSED for want of prosecution and as moot.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   29th   day of February 2016.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).